IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2015 JUN 16  PM 3: 17

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____

| | | |
|---|---|---|
| DESSIE W. PEASE, | § | |
|     Plaintiff, | § | |
| V. | § | |
| | § | |
| CHRISTOPHER J. FLETCHER, | § | A-15-CV-297-SS |
|     Defendant, | § | |
| | § | |
| and | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Intervenor. | § | |

## ORDER

Before the court are the Notice of Removal [Dkt. #1] filed by the United States as Intervenor in this matter, Plaintiff Dessie W. Pease ("Pease")'s Motion to Remand [Dkt. #7], the Response in opposition thereto [Dkt. #13], filed by Defendant, Christopher J. Fletcher ("Fletcher") and Intervenor, the United States, and the Reply in support of remand [Dkt. #18] filed by Pease.  Additionally before the court are the Motion to Disqualify Judge Sam Sparks [Dkt. #22] filed by Pease, and the Response in opposition thereto [Dkt. #24] filed by Fletcher and the United States.  Also before the Court is Pease's Objection to the United States as Intervenor [Dkt. #8], the Response in opposition thereto filed by Fletcher and the United States [Dkt. #12], and the Reply in support thereof [Dkt. #16] filed by Pease. Also before the court are the Motion to Dismiss Or In the Alternative for Summary Judgment [Dkt. #5] filed by Fletcher and the United States, Pease's Response in opposition thereto [Dkt. #9], the Supplement in opposition thereto [Dkt. #11] filed by Pease, the Reply in support thereof [Dkt. #14] filed by Fletcher and the United States, and the Response to Reply [Dkt. #16] filed by Pease.  Also before the Court is the Motion for Injunctive Relief and Restitution [Dkt. # 21] and the Response in

1

Opposition thereto [#23] filed by Fletcher and the United States. Having considered the motions and all responses, replies, supplements, and surreplies, the relevant law, and the case file as a whole, the court enters the following opinion and orders.

## I. BACKGROUND

On March 20, 2015, Dessie Pease filed suit against Christopher J. Fletcher in the 345th District Court of Travis County, Texas, in Cause No. D-1-GN-15-001095. Notice of Removal [Dkt. #1] Ex. A, Orig. Pet. Pease sought damages, exemplary damages, and injunctive and declaratory relief against Fletcher, asserting Fletcher "simulated legal process in order to interfere with the delivery to Pease of her personal property" from 2013 to the present. *Id.* at Ex. A, Orig. Pet., ¶ 10. On April 17, 2015, the United States filed its Petition in Intervention pursuant to 26 U.S.C. § 7424 (allowing the United States to intervene in a civil action "to assert any lien arising under this title [the Internal Revenue Code] on the property which is the subject of such action or suit."). Suppl. to State Court Record [Dkt. #4] Ex. 5, Pet. In Intervention. As grounds for intervention, the United States alleged it has valid federal tax liens against Pease, and "Plaintiff, through this Complaint and requested relief . . . essentially seeks to impair, undo, and render moot the United States' liens and tax assessments against her via a suit against an IRS Revenue Officer." *Id.* at Ex. 5, Pet. in Intervention, ¶ 2.

The same day, April 17, 2015, the United States and Fletcher removed the state court petition to this court pursuant to 28 U.S.C. §§ 1441 (general grounds for removal), 1442 (removal of actions against agents of the United States in their official or individual capacities); 1444 (removal of actions affecting property on which the United States has a lien), and 1446 (general procedure for removal). Notice of Removal [Dkt. #1]. As grounds for removal, Fletcher and the United States assert Pease has delinquent federal tax income assessments

against her and that Fletcher is the IRS Revenue Officer assigned to collect these delinquent sums from Pease. *Id.* at ¶1. To collect, Fletcher levied on Pease's social security benefits. *Id.* After Fletcher levied on Pease's social security benefits, Pease filed suit in state court against Fletcher in his individual capacity. *Id.* Fletcher and the United States removed, asserting this court has subject matter jurisdiction over Pease's suit pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 1346(b)(1) (exclusive federal jurisdiction over suits for money damages against the United States caused by the alleged negligent or wrongful act of any employee of the Government while acting in the scope of his office or employment), and 1340 (federal jurisdiction over "any civil action arising under any Act of Congress providing for internal revenue").

Since the matter was removed to this court, Pease has moved to remand the case and to disqualify the undersigned from reviewing the case. Pease has also objected to the intervention of the United States. The court will address the matter of federal jurisdiction first, and will then examine whether there is any need for disqualification of the undersigned or removal of the United States as intervenor. Once it is determined whether this court has proper jurisdiction to decide the suit, whether this judge has proper authority to decide the suit, and whether the United States is properly a party to the suit, the Court will go on to review the parties' substantive motions for relief.

## II. ANALYSIS

### A. Motion to Remand/Subject Matter Jurisdiction

Pease's Motion to Remand does not contest the timeliness or procedural correctness of removal. *See generally* Mot. Remand [Dkt. #7]. Instead, Pease restates her claim for relief, alleging: (1) there is one Notice of Federal Tax Lien, in the amount of $5000, filed in the Travis

County Court Records naming Dessie W. Pease, (2) Pease's social security benefits have been levied upon by Christopher J. Fletcher in the amount of $18,062 from 2013 to the present, and (3) this sum has more than paid the $5000 tax lien, but Fletcher continues to levy against Pease's entire social security check. *Id.* at 1.  These statements do not undermine the basis of federal subject matter in this case; on the contrary, they more clearly establish jurisdiction.  Pease's motion to remand clarifies that her state court complaint concerns a dispute Fletcher's attempts to collect federal tax liens by levying on Pease's social security benefits. *See id.* Her suit against Fletcher, though brought against him in his individual capacity, alleges wrongful acts taken by him while acting in the scope of his employment as a Revenue Agent. *Id.*

Pursuant to 28 U.S.C. §1346(b)(1), the federal courts have not only original, but ***exclusive*** jurisdiction over suits for money damages against the United States caused by the alleged negligent or wrongful act of any employee of the Government while acting in the scope of his office or employment.  Pease's request for an injunction against further levies and damages for past levies is in essence a claim for money damages against the United States, making the United States the real party in interest. *See* 26 U.S.C. § 7424; *see also Dugan v. Rank*, 372 U.S. 609, 620, 83 S. Ct. 999, 1006 (1963) (suit is considered as one against the sovereign "if the effect of the judgment would be to restrain the Government from acting" (internal quotation marks omitted)).  Therefore, jurisdiction under 28 U.S.C. §1346(b)(1) is appropriate.[1]

Additionally and in the alternative, the federal courts have original jurisdiction over civil actions arising under the Internal Revenue Code, a jurisdictional category that certainly applies

---

[1] Pease's citations to *State v. Epperson,* 121 Tex. 80, 42 S.W.2d 228, 231 (1931) and *W.D. Haden Co. v. Dodgen,* 158 Tex. 74, 308 S.W.2d 838, 841 (Tex. 1958) are inapposite, as these decisions relate to sovereign immunity for state officials in state court, an issue not implicated by this suit against a federal official acting in his official capacity under federal law.

to this dispute over collection of federal tax liens.  28 U.S.C. § 1340.  Last but hardly least, Pease's contention that an IRS agent is not authorized to levy against her social security check to satisfy her tax liens is, on its face, a claim that "arise[s] under the . . . laws . . . of the United States."  28 U.S.C. § 1331.  Because the United States and Fletcher have stated multiple grounds for federal subject matter jurisdiction in this case, none of which Pease has negated, the Motion to Remand is DENIED.

### B. Motion to Disqualify Judge Sparks

This is not the first, nor the last motion to disqualify the undersigned will see in his career on the bench.  Judges are called every day to make decisions that necessarily go in favor of one party and against another.  That is why simply losing in court is not enough to establish that the presiding judge has a bias against a litigant.  *Unger v. Taylor,* 368 F. App'x. 526, 536 (5th Cir. 2010).  Instead, a party seeking to disqualify a judge must provide a sworn affidavit that meets the following requirements: "(1) the facts must be material and stated with particularity; (2) the facts must be such that if true they would convince a reasonable man that a bias exists; and (3) the facts must show the bias is personal, as opposed to judicial, in nature."  *Henderson v. Department of Public Safety & Corrections,* 901 F.2d 1288, 1296 (5th Cir. 1990).

Pease's affidavit states she filed a suit in 2014 before this court against the Social Security Administrator and the Commissioner of the IRS, seeking an injunction against the IRS's levy on her social security benefits, and this court denied her relief, characterizing the complaint as frivolous because it ignored settled law that social security benefits are indeed subject to levy by the IRS.  Mot. Disqualify [#22], Affidavit of D. Pease at ¶¶ 6-9, citing *Pease v. Colvin*, No. A-14-CV-30-SS (W.D. Tex. Jan. 23, 2014) (*Pease I*), slip. op. at 2 (citing 42 U.S.C. § 407(a)(b), 26 U.S.C. § 6334(c)).  Pease also notes that her two sons, Rhett Webster Pease and Crae Robert

Pease, have litigated before this court and been the subject of "Judge Sparks['] excoriating and scathing orders," though she does not specify any cases in which Rhett Pease or Crae Pease were a party before the undersigned. Mot. Disqualify [#22], Affidavit of D. Pease at ¶ 10. Be that as it may, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994). Without specific factual allegations that "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible," *id.*, a judge's orders and courtroom remarks are not evidence of bias requiring disqualification. *Id.* "[E]xpressions of impatience, dissatisfaction, annoyance, and even anger" do not rise to the level of establishing this high degree of favoritism or antagonism. *Id.*

Pease's assertion that she and her sons have lost cases before the undersigned, and her belief that the undersigned is prejudiced against *pro se* plaintiffs generally, are not supported by any factual allegations, stated with particularity, describing any extra-judicial bias that would justify recusal in this case. *See generally* Mot. Disqualify [#22], Affidavit of D. Pease. Instead, to the degree Pease's factual allegations are set forth with any specificity at all, they describe only "judicial rulings, routine trial administration efforts, and ordinary admonishments . . . [by the court]. All occurred in the course of judicial proceedings, and neither (1) relied upon knowledge acquired outside such proceedings nor (2) displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." *Liteky*, 510 U.S. at 555, 114 S. Ct. at 1157. Therefore, Pease's Motion to Disqualify [Dkt. # 22] is DENIED.

### C. Objection to United States as Intervenor

Pease has objected to the United States as an intervenor in this suit, asserting the United States "has no capacity to sue or be sued as it does not exist." Obj. to Intervention [#8]. Pease

asserts she has never seen, heard, felt or touched, talked to, or tasted the United States, nor has she seen the United States appear in court. *Id.* at 1. [2]

Of course, both federal and state law recognize the rights of legal entities to sue and be sued notwithstanding the fact that such legal entities cannot be seen, touched, or licked like an ice cream cone. For example, lawsuits filed by and against corporations make up a large portion of this court's docket. As a matter of law, it is well established that the United States of America can both sue and be sued. *See, e.g.*, 28 U.S.C. § 1345 (the district courts "shall have original jurisdiction of all civil actions . . . ***commenced by the United States***, or by any agency or officer thereof expressly authorized to sue by Act of Congress.") (emphasis added); 28 U.S.C. § 1346 (district courts have original jurisdiction over suits in which ***the United States is a defendant***). In this case, 26 U.S.C. § 7424 expressly allows the United States to intervene in a civil action "to assert any lien arising under this title [the Internal Revenue Code] on the property which is the subject of such action or suit." The fact that Pease cannot actually call Uncle Sam to the stand in a striped top hat does not vitiate the laws giving the United States the right to sue, defend, and intervene in actions such as this one. The Objection to Intervention is DENIED.

### D. Motion to Dismiss or Alternatively, For Summary Judgment

Fletcher and the United States have moved to dismiss Pease's claims or, in the alternative, for summary judgment against her. Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must

---

[2] In support of this position, Pease submits a notarized transcript of a public meeting, held on April 29, 2015, at the Pleasant Hill Branch of the Austin Public Library. *Id.* at Ex. A. The meeting was attended by nine people other than Pease. *See generally id.* The nine unidentified people present at this public meeting "in summary . . . determined that United States of America does not exist and therefore cannot intervene in Pease's case, as it is a name and has no body or spirit." *Id.*, Ex. A at 6.

be given a reasonable opportunity to present all material that is pertinent to the motion." A non-moving party "receives adequate notice when it is aware that the movant has placed matters outside the pleadings before the district court for its review." *Guiles v. Tarrant County Bail Bond Bd.*, 456 F. App'x 485, 487 (5th Cir. Jan. 5, 2012) (unpublished) (citing *Isquith v. Middle S. Utils., Inc.,* 847 F.2d 186, 195 (5th Cir. 1988)). The Western District of Texas and other district courts within the Fifth Circuit have followed the reasoning of multiple sister Circuits in finding "'Adequate notice is provided when the moving party frames its motion in the alternative as one for summary judgment.'" *Smart v. United States*, EP-14-CV-00208-K, 2015 U.S. Dist. LEXIS 4162, *7 (quoting *Tri-Gen Inc. v. Int'l Union of Operating Eng'rs, Local 150, AFL-CIO*, 433 F.3d 1024, 1029 (7th Cir. 2006)); *see also Tremont LLC v. Halliburton Energy Servs., Inc.*, 696 F. Supp. 2d 741, 853 (S.D. Tex. 2010) (collecting cases); *Fed. Land Bank Ass'n of S. Ala., FLCA v. Cornelius & Salhab*, No. H-09-3115, 2010 U.S. Dist. LEXIS 93953, at *3 (S.D. Tex. Sep. 9, 2010) (collecting cases).[3]

In this case, the United States and Fletcher framed their motion as, alternatively, a motion to dismiss or a motion for summary judgment when they filed it on April 30, 2015. In the intervening eight weeks, Pease has submitted a Response including an "Appendix With Relevant Codes and Laws" and Exhibits A-F, relating to the government's communications with Pease regarding the disputed lien; a supplemental Affidavit; and a surreply. *See generally* Pease's

---

[3] *See also Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004) (approving district court's treatment of motion as summary judgment motion when the defendants moved for summary judgment in the alternative, and the plaintiffs responded by submitting materials outside the pleadings); *Hilfirty v. Shipman*, 91 F.3d 573, 578-79 (3d Cir. 1996) (when a motion to dismiss sought summary judgment in the alternative, the plaintiff was on notice that the court could rule on the motion as one for summary judgment), disapproved of on other grounds by *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782 (3d Cir. 2000)); *Madewell v. Downs*, 68 F.3d 1030, 1048 (8th Cir. 1995) ("Madewell had constructive notice that the right of all defendants to judgment as a matter of law was at issue. . . from the DEA defendants' alternative designation of their motion as a motion for summary judgment, and Madewell's own submission of materials outside of the pleadings for consideration by the court . . . ." (internal citation omitted)).

Response, [Dkt. #9], Appendix and Exhibits A-F; Pease's Supplemental Response [Dkt. #11], Exhibit A, and Pease's Surreply [Dkt. #16]. This record establishes Pease has had ample notice that Fletcher and the United States have placed matters outside the pleadings before the district court for review, and has in fact responded to their motion with her own record evidence outside the pleadings. Therefore, the court will treat the motion as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 and will consider all the evidence in the record before it. *Isquith,* 847 F.2d at 195.[4]

### 1.    Standard of Review

A court must enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); *Weaver v. CCA Indus., Inc.,* 529 F.3d 335, 339 (5th Cir. 2008). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.,* 560 F.3d 316, 326 (5th Cir. 2009) (quoting *Hamilton v. Segue Software, Inc.,* 232 F.3d 473, 477 (5th Cir. 2000) (per curiam)). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986); *see also Ellison v. Software Spectrum, Inc.,* 85 F.3d 187, 189 (5th Cir. 1996).

---

[4] Summary judgment treatment is only available for motions made under Rule 12(b)(6); however, to the extent the United States challenges the court's subject matter jurisdiction pursuant to Rule 12(b)(1), the court may look beyond the pleadings to examine relevant jurisdictional facts. *Battaglia v. United States,* 495 F. App'x. 440, 441 (5th Cir. 2012) (citing *Oaxaca v. Roscoe,* 641 F.2d 386, 391 (5th Cir. 1981). "Generally, in ruling on a Rule 12(b)(1) motion, the court may consider any of the following: (1) the complaint alone; (2) the complaint along with undisputed facts in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts." *Battaglia,* 495 F. App'x at 441 (citing *Lane v. Halliburton,* 529 F.3d 548, 557 (5th Cir. 2008)). The court therefore considers the entire record in ruling on the Motion to Dismiss Or In the Alternative for Summary Judgment [Dkt. #5].

"[The] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2552; *see also Wallace v. Tex. Tech. Univ.*, 80 F.3d 1042, 1046-47 (5th Cir. 1996). To show the existence of a genuine dispute, the nonmoving party must support its position with citations to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials[,]" or show "that the materials cited by the movant do not establish the absence . . . of a genuine dispute, or that [the moving party] cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c).

The court resolves factual controversies in favor of the nonmoving party; however, factual controversies require more than "conclusory allegations," "unsubstantiated assertions," or "a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Further, when reviewing the evidence, the court must draw all reasonable inferences in favor of the nonmoving party, and may not make credibility determinations or weigh evidence. *Man Roland, Inc. v. Kreitz Motor Express, Inc.*, 438 F.3d 476, 478-79 (5th Cir. 2006) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 2110 (2000)). Thus, the ultimate inquiry in a summary judgment motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52, 106 S. Ct. at 2512.

## 2.    *Pease's Claims Have A Complex Procedural History*

Fletcher and the United States contend that Pease has been assessed with federal income taxes (IRS Form 1040) in excess of $630,000 under the name Dessie M. Andrews. Mot. Summ.

J. [Dkt. #5] at ¶1 and Exhibit 2 (January 24,2 013 Notice of Intent to Levy addressed to Dessie

M. Andrews).  In 2013, the IRS began levying on the social security benefits of Pease, who is the

same person as Andrews, to recoup these delinquent tax obligations.  *Id.* at ¶ 2 and Exhibit 3,

March 19, 2013 Notice of Levy on Wages, Salary, and Other Income of Dessie M. Andrews.

Pease has not submitted any administrative claim (under either of her names, Pease or

Andrews) pursuant to 26 U.S.C. § 7433 to contest the notice of tax lien or notice of intent to

levy.  *Id.* at Exhibit 1-B, Declaration of Amelia Lerma, ¶2.  The court takes judicial notice,

however, that she has filed suit against Carolyn W. Colvin (in her capacity as Administrator of

the Social Security Administration) and John Koskinen (in his capacity as Commissioner of the

Internal Revenue Service), seeking a temporary restraining order and alleging the levy on her

social security benefits constitutes an unlawful taking. *See generally*, *Pease I.*  On January 23,

2014, this court dismissed the *Pease I* complaint without prejudice because these individuals

were immune from suit and Pease's allegations failed to state a claim on which relief could be

granted.  *Id.*

Pease subsequently filed for bankruptcy in the Western District of Texas, first on

February 19, 2014, *see In Re Dessie W. Pease*, No. 14-10244-TMD [Dkt. #1].  The case was

dismissed without prejudice for failure to attend the first scheduled meeting of creditors.  *In Re*

*Dessie W. Pease,* No. 14-10244-TMD (May 13, 2014) [Dkt. #14].  The Notice of Dismissal

listed the "Debtor" as Dessie W. Pease aka Dessie Maria Andrews.  *Id.* Pease again filed for

bankruptcy on July 29, 2014, listing herself on the Voluntary Petition as Pease, Dessie W., a/k/a

Dessie Maria Andrews. *See In Re Dessie Pease*, No. 14-11141-TMD [Dkt. #2].  Pease listed the

tax liens noticed against Dessie Maria Andrews as debts she (Pease) wished to have considered

for discharge in bankruptcy. *Id.* This bankruptcy filing was dismissed without discharge of any of Pease/Andrews' debts on November 17, 2014. *Id.* at [Dkt. # 12].

The current lawsuit against Fletcher, individually, followed. Pease alleges Fletcher's attempts to collect Andrews' alleged tax debts from Pease's social security benefits are unlawful because she has never applied for a social security number under the name Dessie Andrews. She frankly admits, however, that Dessie Pease is the same person as Dessie Andrews. Resp. [Dkt. #9 at ¶¶ 8-10. Although as Dessie Andrews, Plaintiff "determined that she would never accede to the number labeling," *id.* at ¶ 10, "[w]hen Plaintiff signed up to receive her social security benefits, the only name and [social security number] under which she could appl[y] was Dessie W. Pease. The name which appears on her social security card and the number enumerated on that card." *Id.* at ¶ 22. In essence, Plaintiff contends she can receive federal benefits by using the name Pease but avoid federal taxes by using the name Andrews. *Id.* at ¶ 23. On this dubious theory, she is suing Fletcher for an injunction and money damages.

### 3. There is No Damages Remedy Available Against Fletcher

Though federal courts may provide a damages remedy for violation of constitutional rights by government agents, *see generally Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971), the Fifth Circuit and other sister circuits have agreed that such a remedy is not available against an IRS agent attempting to collect delinquent taxes. *Baddour, Inc. v. United States*, 802 F.2d 801, 809 (5th Cir. 1986) (noting that 26 U.S.C. § 7426(d), which bars suits against individual IRS agents arising out of refund claim, is "as clear a statement as there can be that Congress did not intend an IRS agent . . . to be a defendant with respect to the levy on [plaintiff's] property"); *see also Cameron v. Internal Revenue Service*, 773 F.2d 126 (7th Cir. 1985) (rejecting *Bivens* claim against IRS

12

agent on grounds that Congress has provided a remedial framework and "it would make the collection of taxes chaotic if a taxpayer could bypass the remedies provided by Congress simply by bringing a damage action against Treasury employees,"); *Vennes v. An Unknown No. of Unidentified Agents*, 26 F.3d 1448, 1453 (8th Cir. N.D. 1994) (same); *McMillen v. United States Dep't of Treasury*, 960 F.2d 187, 190-91 (1st Cir. 1991) (same); *Wages v. IRS*, 915 F.2d 1230, 1235 (9th Cir. 1990) (same). Pease has not alleged any facts that would suggest Fletcher was acting as anything other than an IRS agent attempting to collect delinquent taxes and therefore no damages remedy is available against him individually. *Baddour*, 802 F.2d at 809. [5]

### 4.    *Pease's Claims for Injunctive Relief Are Claims Against the United States*

To the extent Pease seeks an injunction against the levy on her social security benefits or damages to compensate her for the monetary loss she has suffered, her claims are against the United States, not Fletcher. *See Dugan*, 372 U.S. at 620, 83 S. Ct. at 1006 ("The general rule is that a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.'" (internal quotations omitted)). Pease's dispute is really with the United States, the intervenor in this case. "The fact that the United States was not named as a defendant does not determine whether it is actually a party to the suit, for it has long been the law that to make such a determination it is necessary to

---

[5] Even assuming an individual remedy were available against Fletcher, the court finds Pease has failed to plead any facts which would overcome Fletcher's qualified immunity for his discretionary actions as a Revenue Officer. *See Longoria v. Texas,* 473 F.3d 586, 592 ("Government officials performing discretionary functions are entitled to qualified immunity from civil liability to the extent that 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.') (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982)). The facts plead by Pease are that another agent identified Pease as the person who owed the income taxes assessed to Andrews, and Fletcher merely attempted to collect those debts. *See* Response [Dkt. #9] at ¶¶ 14-18. An IRS agent attempting to collect a debt is entitled to qualified immunity, even if the levy on the taxpayer's property is allegedly wrongful, because there is an adequate opportunity for post-collection review. *See Baddour*, 802 F.2d at 807.

look to the effect of the judgment that may be rendered." *Simons v. Vinson*, 394 F.2d 732, 736 (5th Cir. 1968) (internal citations omitted).

Pease's claims against the United States fail because Pease has not complied with the jurisdictional prerequisites for filing them. *See, e.g., Montero v. United States*, 409 F. App'x 738, 738 (5th Cir. 2011) (payment of the assessed tax liability in full and timely filing of an administrative claim for a refund with the IRS are "jurisdictional prerequisites for filing a tax refund suit in federal court.")  As this court noted in *Pease I*, "[t]o the extent Pease seeks to challenge the existence or validity of the tax lien, her proper remedy is an administrative appeal of the notice of levy or a refund suit following payment of the tax debt." *Pease I*, January 23, 2014 Order Dismissing Case, Slip Op. at 3 (citing *Flora v. United States*, 362 U.S. 145, 164 (1960)).  Pease has neither exhausted her administrative remedies with regard to appeal of the notice of levy, nor has she paid the tax assessed and requested a refund. *See* Mot. Summ. J. [#5] at Ex. A-2 (Affidavit of Amelia Lerma).  As these are the exclusive remedies available to her, any claims Pease seeks to assert against the United States arising out of her tax dispute fail for want of jurisdiction. *Bowers v. United States*, 423 F.2d 1207, 1208 (5th Cir. 1970).

## III. CONCLUSION

In accordance with the foregoing,

IT IS ORDERED that Plaintiff's Motion to Remand [Dkt. #7] is DENIED;

IT IS FURTHER ORDERED that Plaintiff's Motion to Disqualify Judge Sam Sparks [Dkt. #22] is DENIED;

IT IS FURTHER ORDERED that the Defendant and Intervenor's Motion to Dismiss Or In the Alternative For Summary Judgment [Dkt #5] is GRANTED.    Pease's claims against

Defendant Christopher Fletcher are DISMISSED WITH PREJUDICE.  To the extent Pease's claims are properly construed as claims against Intervenor, the United States, they are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

IT IS FINALLY ORDERED that Pease's Motion for Injunctive Relief and Restitution [Dkt. #21] is DENIED, as it simply restates claims against Fletcher on which the court has granted summary judgment and claims against the United States that have been dismissed for lack of subject matter jurisdiction.

SIGNED this the 16th day of June, 2015.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE